FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JAN 14 AM 9:31

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JAN 1 4 2000

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 99-L-0909-S |
| 1.883 ACRES OF LAND LOCATED IN MORGAN COUNTY, ALABAMA; TED GRANTLAND; JOANN GRANTLAND, et al., | ) ) ) ) | |
| Defendants. | ) | |

RE: Morgan County Tract No. 74

**MEMORANDUM OPINION**

I. <u>Introduction</u>

Currently pending before this court are objections to the Report of Commissioners filed by plaintiff, Southern Natural Gas Company ("Southern"), and defendants, Ted Grantland and JoAnn Grantland. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were

/3

discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's findings and final judgment.

II. Discussion and Findings

    A.   Damages Awarded for the Permanent Easement

The Commissioners awarded $26,348 for the permanent pipeline easement. The court finds that defendant has failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

    B.   Amount Awarded for Temporary Easement

The Commissioners recommended that $7,534 was appropriate compensation for the temporary construction easement. For the reason stated above, the Commissioners' findings are approved and adopted as the findings of the court.

    C.   Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded $5,250 as compensation for the damage to the remainder. Both plaintiff and defendant object to this award. For remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near

future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowner offered no evidence of an adverse impact by the pipeline on a probable use of the remaining property in the reasonably near future. Both current uses of the property, for billboards along the interstate and for agricultural purposes, are not affected by the pipeline. Moreover, at the objection hearing before this court, the parties reported that a verbal accord had been reached concerning plaintiff's retention of the right to remove or to prevent future building of billboards. As the court understands it, this verbal accord extinguishes any concern that plaintiff might interfere with the future use or building of any billboards. Thus, the court finds that the landowner has failed to meet his burden, and as such, the awarded amount for damages to the remainder should be reduced to zero dollars ($0).

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $39,132. Having concluded that only the remainder element of the Commissioners' award is clearly erroneous, the court has decided to moderate such award from $39,132 to $33,882. In view of the foregoing discussion, a separate judgment will be entered in the

amount of $33,882 as just compensation in favor of the defendant.

DONE this 12th day of January 2000.

_____
SENIOR JUDGE